SCOTT B. MERRIMAN
P.O. BOX 604
MENDOCINO, CA 95460
707-937-2739

PRO SE

**FILED**
SEP 17 2015
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
NORHTERN DISTRICT OF CALIFONRIA
OAKLAND DIVISION

| | |
|---|---|
| SCOTT B. MERRIMAN, <br> PLAINTIFF, <br><br> VS. <br><br> OFFICER JAKOB NEUMAN INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY FOR THE CALIFORNIA HIGHWAY PATROL AND SGT. GARY SORIA INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY FOR THE CALIFORNIA HIGHWAY PATROL, AND THE CALIFORNIA HIGHWAY PATROL, <br>         DEFENDANTS. | CASE #: 14-cv-04130-NJV <br><br> AMENDED COMPLAINT <br> CIVIL RIGHTS <br> DEMAND FOR <br> JURY TRIAL |

1. **Venue.** Venue is appropriate in this court because both of the defendants resided in this district, and a substantial amount of the acts and omissions giving rise to this lawsuit occurred in this district.
2. **Intra-District Assignment.** This lawsuit has been assigned to the Oakland Division of this Court because a substantial part of the events or omissions which give rise to this lawsuit originally occurred in Mendocino County.
3. **Plaintiff, Scott B. Merriman,** is a disabled person collecting Social Security disability benefits.

## INTRODUCTION

4. This new complaint is being filed and may be amended again if the substitution of attorney can be done in time. Extra time was needed due to many different difficulties in getting a com-

plaint such as this in, as there are no federal court attorneys in this area and the federal courthouse is so far away. Federal violations happen up in these parts all the time and there is little remedy for such federal violations and there never has been because the federal courthouse is just too far away and continuance of this valid case is needed, Plaintiff states for the record that he had been falsely arrested too many time up in these parts..

## PARTIES

5. As above

.

## FACTUAL ALLEGATIONS

6. On September 12, 2012, Plaintiffs claims to have been wrongfully accosted while shopping in Rite Aid drug store by defendant Neuman who the plaintiff claims grabbed him and told him he needed him to go outside with him. Plaintiff claims the defendant, Neuman, told him that he suspected the Plaintiff of driving while under the influence, however, the defendant failed to state what the plaintiff was under the influence of. Sobriety tests were conducted which the plaintiff passed, though the plaintiff claims he was handcuffed and put into the back of the CHP patrol vehicle. The plaintiff claims that he was not told by the defendant, what if any thing, the plaintiff was being detained for. At that point, the plaintiff overheard the defendant talking some homeless people present outside the drugstore about the homeless people possibly knowing who had been driving the car when the plaintiff's car had been driven in.

7. At that point, the plaintiff claims that the Defendant came over and put his head in side and asked the plaintiff if the plaintiff knew who was driving the plaintiffs car, but that he, the plaintiff had not been driving at the time, The plaintiff's car was slightly askew, but not enough to cause a problem. The defendant admitted the car was legal and displayed a one day moving permit which was not contested.

8. The defendant then came around and got the plaintiff after a long time talking to the tow truck driver like they were talking about the paperwork on the new car the plaintiff's brother had

just bought for the plaintiff, the plaintiff thinking how many assets he has lost caused by male law enforcement up in these parts. At that point, the defendant grabbed the plaintiff in a forceful way and took him out of the car around the back and pushed the plaintiff's head down on the trunk of the back of the car.

9. The defendant told the plaintiff he was being arrested and then pushed the plaintiff's face down hard on the trunk hood then jerked the plaintiff's head back by his coat collar, then in a very dramatic gesture, took the right hand and arm of the plaintiff and swung it up towards the plaintiff's head almost dislocating the plaintiffs arm and the similarly with the left arm all these contortions then a dramatic hand cuffing, still not telling the plaintiff what he was being arrested for, including being put into the back of the patrol car without being read his Miranda Rights, the plaintiff stating for the record the arrest was fairly violent.

10. The plaintiff requested en-route to the jail that the defendant take the plaintiff to the hospital as the plaintiff is required by his doctor to take very strong methadone pain pills. The plaintiff was taken to Frank Howard Memorial Hospital in Willits, California. Dr. Mott, attending physician, told the defendant and also defendant Sgt. Gerry Soria that he (Dr. Mott) remembered the plaintiff and the many emergency room visits since a car accident (Merriman v. Maughs) that had re-injured the plaintiffs back from an industrial injury back case.

11. The doctor asked the plaintiff what his normal dosage was and the plaintiff was subsequently given two 10 mg. methadone pills. At that point the plaintiff was informed that he was still going to be taken to the jail and that both defendants weren't sure the pills in a little pill bottle were the plaintiffs and that the plaintiffs appeal to Sgt. Soria to be released was denied the plaintiff stating for the record that defendant Neuman was fully given the opportunity to have his supervisor there to help make the decision. The plaintiff was then taken to Ukiah, California (from the hospital in Willits) to the county jail for booking.

12. The plaintiff complains that the methadone pill charge was dropped in at the first date in

court and his car was towed and was a loss the, great new car, his brother had just bought him, because it is now claimed by the plaintiff that the tow company failed to perform a legal lien sale and therefore the plaintiff was not notified and the car was gone when the plaintiff got out of jail.

## JURISDICTION

13. This action is brought pursuant to 42.U.S.C., section 1983 and 1988, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C., sections 1331 and 1341(3) and (4) and the aforementioned statutory and constitutional provisions.

14. The amount of this controversy exceeds $10,000, including interest and costs.

## CAUSES OF ACTION

15. On September 12, 2012, the plaintiff was booked into the Mendocino Count Jail on charges that he had driven his vehicle on a suspended license and also that he illegally possessed approximately 4-10 mg methadone pills or a controlled substance, which the plaintiff made it clear all along that the pills were his own. The plea deal gotten by the plaintiff's attorney was one day for the suspended license charge of the overall six (6) days spent in jail before being released on his own recognizance leaving a balance of five (5) days of incarceration un-credited as the pill charge was dropped.. Therefore the plaintiff makes claim of false imprisonment. Even though the constitutional amendments applicable for false arrest are included the plaintiff has narrowed the causes of actions down to four as below.

## FIRST CAUSE OF ACTION .

16. As a direct and proximate result of both defendants actions, the plaintiff suffered damages for five days of false incarceration and false imprisonment. The minutes of the court proceedings show that the judge ordered that there be no fine, the plaintiff arguing that the five un-credited days could not be construed as payment for a fine as above no fine was due by the judges own order as the minutes show only one day used for the driving on the suspended charge. Therefore,

after showing the doctors prescription in ensuing court dates after the plaintiff got out of jail, the local prosecutor moved to drop the charges for the pills and the controlled substance allegation was no more. Without question the plaintiff's right against being falsely imprisoned pursuant to the US Constitution was violated entitling the plaintiff to be awarded damages for the five days the plaintiff claims to have suffered damages from false incarceration.

## SECOND CAUSE OF ACTION

17. Due to the complexities of separating the false arrest for the methadone pills and the charge for the suspended license which the plaintiff's attorney, not the plaintiff, entered a plea for, as the plaintiff makes no qualms about his disgust over the times he has been falsely arrested in this district pursuant to **Merriman v Walton**, published decision in the ninth circuit of appeals over the practice and policy of false arrests in northern California.

18. Therefore, related to the false imprisonment cause of action above, the plaintiff's second cause of action is for cruel and unusual punishment, for the stay in the jail without the plaintiff's usual pain medication which is a regiment and the plaintiff has a daily pill dispenser, and became imperiled within just a few hours of being in jail. The plaintiff had a very bad reaction to being put into the jail without his medication and was heaving and went into withdrawals pointing back to this unneeded incarceration as the nurse even told both defendants that the medication the defendants had should not have been taken from the plaintiff. The plaintiff states for the record that he was not on an equal playing field as the other inmates and was having delirium and stomach cramps, and bad withdrawals including excruciating pain from the plaintiff's chronic low back pain syndrome for which he is permanently disabled. On any given day the plaintiff's back is so bad that without pain pills, the plaintiff would have to go to the emergency room in an ambulance for a morphine injection, everyday.

19. Therefore, without question whatsoever, the plaintiff claims verifiable and provable damages from the plaintiff's constitutional right against cruel and unusual punishment, stating

for the record that he suffered immeasurably in the jail after the defendants cruelly and coldly knowingly and willingly took the plaintiff to the jail even though it is clear that both defendants knew the plaintiff was lawfully possessing the pills he had in his own possession.

### THIRD CAUSE OF ACTION

20. The plaintiff complains of a bad 'blog' that came out on the internet over the arrest as above and now in this third cause of action claims ruination of his reputation over the arrest on the methadone pills which was construed in the newspaper internet article to portray the plaintiff as a drug addict and that the descriptive charge of 'controlled substance' was referred to as a illegal street drug. A bad picture of the plaintiff was added to achieve maximum damage and claims severe damage and loss of reputation including a reference in the article over the validity of other claims legitimately put into the county over the sheriff's department, the plaintiff claiming additional damages over this apparently attempt to defraud the plaintiff out of the validity of the claims as stated against the sheriff's dept. also. The plaintiff complains that his reputation as a local musician which relies on his public image, in part, as millions of potential viewers could see this unfair article that states the plaintiffs viewpoints (over the sheriff dept. claims) were 'chemically fueled' referring once again to the issue of the words 'controlled substance' which really was over the pain pills but was construed to mean hard street drugs. Along with the bad picture, without question whatsoever, the plaintiff suffered severe damage in the third cause of action over the bad 'blog' on the internet and the plaintiff's reputation as related to actions of defendants, said unfair article would not have been made possible had the plaintiff not been falsely arrested and falsely imprisoned on the false charge of the controlled substance.

### FOURTH CAUSE OF ACTION

21. The plaintiff states a fourth cause of action is valid as related to the defendants alleged illegal possession of the plaintiff's pain pills and using them for false incrimination. The plaintiff is weary of these false arrests and needs to have punitive type sanctions and the forth cause of

action certainly would seem to merit sanctions against the defendants including detention for illegally possessing the plaintiff's pain pills and then the obvious illegal use for false incrimination of the plaintiff. After the doctor, as above, told both defendants the pills were in fact those of the plaintiff's. For this egregious act, the plaintiff requests possible further punitive sanctions as seen needed by the court or put in additional pleadings as the case progresses. .

## PRAYER FOR RELIEF

22. Wheras, plaintiff, SCOTT B. MERRIMAN, prays for relief and therefore reverently requests therefore from this court:

   1. Award compensatory damages against the defendants, each of them, jointly and severally, in the amount of $10,000,000.00.

   2. Award punitive damages against the defendants, each of them, jointly and severally, in the amount of $15,000,000.00

   3. Total damages claimed damages of $25,000,000 claimed or as awarded by the court or a jury verdict for damages or in accordance to plaintiff's presentation and potential motion and request for summary judgment.

   4. Award costs of this action, including attorneys fees, to the plaintiff.

   5. Award such other and further relief as this court may deem proper.

   A jury trial is hereby demanded.

   DATED: September 15, 2015 First Amended Complaint

Plaintiff, Scott B. Merriman, pro se, hereby does one (1) through twenty two (22),

_____

**SCOTT B. MERRIMAN,**

**PLAINTIFF.**