**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SCOTT B. MERRIMAN,**<br><br>    Plaintiff,<br><br>        v.<br><br>**OFFICER JAKOB NEUMAN,** *et al.*,<br><br>    Defendants. | Case No.: 14-CV-4130 YGR<br><br>**ORDER GRANTING MOTION OF DEFENDANT SGT. GARY SORIA TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND;**<br>**DENYING MOTION OF DEFENDANT OFFICER JAKOB NEUMANN TO DISMISS FIRST AMENDED COMPLAINT AS MOOT**<br><br>**DKT. NO. 19, 26** |

Plaintiff Scott B. Merriman brings this civil rights action against Defendants Officer Jakob Neuman, individually and in his official capacity for the California Highway Patrol ("CHP"); Sgt. Gary Soria, individually and in his official capacity for the CHP; and the CHP. Defendant Soria has filed a Motion to Dismiss, directed to Merriman's amended Complaint (Dkt. No. 15, "FAC") on the grounds that: (1) the Eleventh Amendment bars any claim against him in his official capacity; (2) the facts alleged are insufficient to state a claim against him individually and any duty to Merriman ended when he was delivered to the custody of the Mendocino County Jail; (3) any challenge to Merriman's arrest and detention cannot be made unless his conviction is overturned or rendered invalid (citing *Heck v. Humphrey* 512 U.S. 477(1994)); and (4) any state law claims are barred for failure to file a government claim timely.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** Defendant Soria's Motion to Dismiss First Amended Complaint with leave to amend. In light of this ruling, the Court **DENIES** the later-filed Motion to Dismiss of Defendant Officer Jakob Neumann as **MOOT**.

**I.    APPLICABLE STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). "Dismissal can be

1  based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a
2  cognizable legal theory." *Balistreri v. Pacifica Police Dep't* 901 F.2d 696, 699 (9th Cir. 1990).  All
3  allegations of material fact are taken as true and construed in the light most favorable to the
4  plaintiff.  *Johnson v. Lucent Techs., Inc.,* 653 F.3d 1000, 1010 (9th Cir. 2011).  To survive a motion
5  to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
6  relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*
7  *Corp. v. Twombly,* 550 U.S. 544, 557 (2007)).  This "facial plausibility" standard requires the
8  plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted
9  unlawfully." *Iqbal,* 556 U.S. at 678.  While courts do not require "heightened fact pleading of
10 specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative
11 level." *Twombly,* 550 U.S. at 555.

12        In deciding whether the plaintiff has stated a claim upon which relief can be granted, the
13 court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in
14 the plaintiff's favor.  *See Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987).
15 However, the court is not required to accept as true "allegations that are merely conclusory,
16 unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.,* 536
17 F.3d 1049, 1055 (9th Cir. 2008).

18 **II.    DISCUSSION**

19        Although the exact basis for Merriman's claims for relief is not clear from his complaint, he
20 appears to be attempting to state claims under 42 U.S.C. section 1983 for violation of his First,
21 Fourth, Fifth, and Fourteenth Amendment rights under the United States Constitution, alleging a
22 claim for false imprisonment and/or false arrest without probable cause (First Claim); for cruel and
23 unusual punishment for withholding medication (Second Claim); for defamation and "ruination of
24 his reputation" due to a "bad blog" (Third Claim); and for defendants' illegal possession and
25 seizure of his pain pills (Fourth Claim).  The basis of the claims begins with Merriman alleging he
26 was wrongfully accosted while shopping in a Rite Aid drug store by defendant Neuman, who said
27 he suspected Merriman of driving under the influence.  (FAC ¶ 6.)  Merriman was handcuffed and
28 put into the back of a CHP patrol car.  (*Id.*)  Merriman alleges that at some point thereafter,

Neuman grabbed Merriman in a forceful way, took him out of the car, and pushed his head down on the trunk of the car. (*Id.* ¶ 8.) Merriman alleges that Neuman told him he was under arrest, but did not explain the reason for the arrest or read him his rights. Merriman alleges that Neuman roughly handled him and was "fairly violent." (*Id.* ¶ 9.) En route to the jail, Merriman requested to be taken and was taken to the hospital. The physician there told Merriman and Defendant Soria that Merriman had been treated previously at that hospital for back injury. (*Id.* ¶ 10.) Neuman alleges he was given pain pills. (*Id.* ¶ 11.)

Merriman alleges that, thereafter, he was booked into Mendocino County jail on charges of charges of driving on a suspended license and possession of a controlled substance and held for six days. (FAC ¶ 15.) He alleges that he obtained a plea deal that set his punishment at one day for the suspended license charge and dropped the controlled substance charge, such that the balance of five days spent in jail was false imprisonment. (*Id.*) He alleges that he was made to stay in jail without his usual pain medication and that "defendants" took his medication. (*Id.* ¶ 18.)

First, Defendant Soria seeks to dismiss the claims against him in his official capacity on the grounds that the Eleventh Amendment bars suits against state officials for damages when sued in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Merriman seems to concede that an action for damages must be stated against the defendants in their individual capacities, and states that a suit for injunctive relief, suing them in their official capacities, will be filed separately. In conjunction with his opposition to the instant motion, on September 17, 2015, Merriman filed another amended complaint. (Dkt. No. 23.)[1] The Court notes that the two amended complaints appear to be identical except for the addition of the word "amended" in the caption of the later-filed document, the addition in the caption of the words "individually" after the names of Defendant Neuman and Defendant Soria, and minor formatting changes.

---

[1] This new amended complaint (captioned "Amended Complaint") was Merriman's *second* amended complaint, since he filed a first amended complaint on June 26, 2015. (Dkt. No. 15.) Merriman did not have leave to file the second amended complaint. *See* Fed. R. Civ. P 15(a)(1) (party may amend its pleading *once* without leave of court, but thereafter may only amend with the opposing party's written consent or the court's leave). The Court, on its own motion, **STRIKES** the September 17, 2015 amended complaint (Dkt. No. 23). As further explained herein, this Order gives Merriman leave to incorporate the changes he made in this document into a Second Amended Complaint.

Accordingly, the motion to dismiss the claim against Soria in his official capacity is **GRANTED** with leave to amend to allow Merriman to plead the claims against the individual defendants in their individual capacities.

Second, Soria seeks to dismiss the claims against him on their substance, arguing that the allegations against him do not state a basis for any claim against him. He contends that allegations do not say Soria had any involvement in Merriman's arrest, in the decision to hold Merriman at the Mendocino County Jail for six days, in the decision not to provide him pain medication during his stay, or in the publication of the "bad blog." Soria contends that the FAC is impermissibly vague and lacking in allegations of material facts against him. Relatedly, Soria contends that he cannot be liable for any alleged excessive imprisonment or cruel and unusual punishment because his duty ended upon Merriman being taken into the custody of the Mendocino County Jail. Merriman does not allege that Soria, or any other defendant, played any role in the length or conditions of Merriman's detention. Likewise, the viability of any claim alleging false imprisonment may depend unless he first successfully challenges the validity of his conviction. *See Heck, supra*, 512 U.S. at 486-87; *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (a section 1983 claim challenging arrest and imprisonment would necessarily imply the invalidity of the related conviction, but claims of excessive force would not).

The Court agrees that Merriman's allegations are vague and do not state the facts upon Soria would be liable for each of the claims. Because the allegations are indefinite, the Court cannot determine whether they may be barred by *Heck*. Likewise, Merriman has not alleged facts to connect the actions of the CHP officer defendants with alleged misconduct after he was taken into the custody of the Mendocino County Jail. While Merriman, states that both defendants are responsible for imprisoning him, and offers some additional facts in his opposition to the motion, the facts needed to state the claim must be pleaded in the complaint.

Merriman's First, Second, and Fourth Claims appear to be asserted under 28 U.S.C. section 1983. In order to state a claim under section 1983, Merriman must allege facts sufficient to show what each defendant did that violated his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (sweeping conclusory allegations will not suffice; the plaintiff must instead set

forth specific facts as to each individual defendant's actions which violated the plaintiff's constitutional rights). Conclusory allegations of involvement will not do. Merriman must allege facts to explain some affirmative link or connection between each defendant's conduct and the alleged deprivation of rights or other basis for legal liability. *See Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The FAC fails to set forth such allegations.

In addition, to the extent that Merriman is basing any section 1983 claim on a violation of his Eighth Amendment right to be free from cruel and unusual punishment, he must allege: (1) a serious medical need; and (2) deliberate indifference to that need by the defendants. *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 837, 844 (1994). A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004). Again, at most, the FAC appears to allege incarceration for a period of six days without medication. It fails to allege with clarity which defendant knew of a serious medical need and then showed deliberate indifference. The FAC does not allege that any CHP officer played any role once Merriman was placed in the custody of the jail.

With respect to Merriman's Third Claim, and construing Merriman's complaint liberally, it appears Merriman may be attempting to allege common law defamation. Such a claim would be governed by California state law. Merriman fails to state a claim for defamation against Soria because, at a minimum, he must allege facts that indicate Soria made an allegedly defamatory statement. *See Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007); *see also* Judicial Council of California Civil Jury Instructions 1700-1705. There are no allegations indicating the "bad blog" statements, at which the claim seems to be directed, were statements made by any defendant.

Finally, Soria argues that Merriman's claims under state law are barred for failure to present them to the government agency as required by the California Government Claims Act. Cal. Gov.

Code § § 950.2, 950.4.[2]  To the extent that Merriman is attempting to allege claims under California law against defendants, he must allege facts to show that he complied with the claims presentation requirements, or that he is entitled to some exception to those requirements, consistent with these Government Code sections.  The FAC does not do so.

**III.     CONCLUSION**

Accordingly, the Motion of Defendant Soria to Dismiss First Amended Complaint is **GRANTED WITH LEAVE TO AMEND**.  Merriman has leave to file a Second Amended Complaint consistent with federal pleading standards and which addresses the defects set forth above. Merriman is advised that for each claim, he must specifically identify, to the best of his ability, each defendant, what constitutional right he believes *each defendant* has violated, and the facts on which he bases *each* alleged violation.  The Court will analyze *each claim* as to *each defendant*, independently.

Merriman shall file and serve his Second Amended Complaint no later than **November 13, 2015**.  Any response is due 21 days thereafter.

Merriman may seek assistance at the Court's Legal Help Center.  The Legal Help Center may assist persons who do not have lawyers if they make an appointment.  The Legal Help Center's phone number is (415) 782-8982 and its website is http://cand.uscourts.gov/helpcentersf.

Finally, Defendant Jakob Neumann filed a motion to dismiss (Dkt. No. 26) on October 8, 2015.  In light of the Court's ruling herein, that motion is Denied Without Prejudice as moot. Defendant Neumann may make any arguments therein, as appropriate, in response to any Second Amended Complaint

This terminates Docket Nos. 19 and 26.

**IT IS SO ORDERED**.

Date: October 14, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] Soria seeks judicial notice of a declaration from a custodian of records of the Victim Compensation and Government Claims Board, indicating that Merriman has not filed such a claim. (Request for Judicial Notice, Dkt. No. 20.)  The Court does not find this declaration to be a proper subject of judicial notice in support of the motion to dismiss.  The request is **DENIED**.