United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT B. MERRIMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER JAKOB NEUMAN, *et al.*,<br><br>    Defendants. | Case No.: 14-CV-4130 YGR<br><br>**ORDER DENYING EMERGENCY REQUEST FOR CONTINUANCE OR RELIEF FROM ORDER OF DISMISSAL** |

On March 9, 2016, this Court issued its Order Granting the Motion to Dismiss of Defendant Jakob Neuman and the California Highway Patrol (CHP). (Dkt. No. 38.) The order was based upon the Court's review of the motion, as well as the failure of Plaintiff Scott B. Merriman to file an opposition, despite being given additional time to do so. (*Id.*) As stated in the Court's Order, Plaintiff was required to oppose the motion no later than January 29, 2016, based upon a filing date of January 12, 2016, and the Court gave Merriman additional time to oppose, up to February 23, 2016, with the warning that failure to do so would result in the action being dismissed. (*Id.*)

After the March 9, 2016 entry of the Court's Order dismissing the action, on March 14, 2016, the Court received Merriman's "Emergency Declaration and Reqeust [*sic*] for Order of a Continuance Due to Conflict with Medical Examination on March 22." (Dkt. No. 39, including envelope showing March 11, 2016 postmark.) On March 18, the Court received an additional "Emergency Declaration" from Merriman. (Dkt. No. 40.)

Construing the March 14 and March 18 filings as requests for reconsideration or for relief from a final judgment or order, pursuant to Rule 60(b), the Court finds that the Motion to Dismiss was properly granted and the action properly dismissed, and thus the requests are **DENIED**.

The Court previously granted a motion to dismiss the Second Amended Complaint with leave to amend, detailing the nature of the allegations that Merriman must allege in order to state viable claims.  (Dkt. No. 30, issued October 14, 2015.)  Merriman's Third Amended Complaint, filed December 23, 2015 (Dkt. No. 33), alleged claims against Officer Jakob Neuman individually and "in his capacity for the California Highway Patrol" and against the California Highway Patrol.  Merriman alleged claims for: (1) violation of the Fourth Amendment for unlawful search and seizure of a bottle of pain pills Merriman was carrying; (2) violation of the Fourteenth Amendment for false imprisonment following Merriman's incarceration for "being in possession of a controlled substance when plaintiff was in fact legally allowed to have his pain pills" and illegally towing his car; (3) violation the Fifth Amendment for failure to read him his Miranda rights; and (4) violation of the Eighth Amendment for cruel and unusual punishment by not providing Merriman with his prescribed pain pills while he was incarcerated.

Neumann and CHP moved to dismiss the Third Amended Complaint on several grounds, all of which were meritorious.  The Eleventh Amendment bars a suit against CHP and against Neumann to the extent he is named in his official capacity.  *See Edelman v. Jordan*, 415 U.S. 651, 663, 677-678 (1974); *Bennett v. California*, 406 F.2d 36, 39 (9th Cir. 1969).  The claims are also barred because they implicate the propriety of his underlying conviction, and are therefore improper unless and until his conviction is reversed.  *See Heck v. Humphrey* 512 U.S. 477, 487(1994); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (a section 1983 claim challenging arrest and imprisonment would necessarily imply the invalidity of the related conviction).

Further, Merriman has not alleged facts to state a plausible claim against Neumann in his individual capacity.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Failure to provide a *Miranda* warning, without reference to any compelled testimony at trial, is not a Fifth Amendment violation for purposes of a claim under 28 U.S.C. section 1983.  *Chavez v. Martinez*, 538 U.S. 760, 766, 772 (2003).  Any alleged excessive imprisonment or cruel and unusual punishment is not properly attributable to Neumann, who delivered Merriman into the custody of the Mendocino County Jail by the time of those

alleged actions. Merriman alleges no facts indicating that Neumann or any other CHP officer oversaw his detention in the county jail.

Nothing in Merriman's March 14 or March 18 filings changes the result here. Therefore, Merriman's request for a continuance of the hearing on the motion to dismiss, or any other relief from the entry of the Court's Order dismissing this action on March 9, 2016, is **DENIED**.

**IT IS SO ORDERED**.

Date: March 22, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**